## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

|  |  |  |
|---|---|---|
| YORDANI PEREZ, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No.: PWG-14-3303 |
| | * | |
| PROGRESSIVE LOGISTICS SERVICES, LLC | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION AND ORDER

Plaintiff Yordani Perez filed this action against his former employer, Progressive Logistics Services, LLC, ("Progressive") seeking damages for Progressive's alleged failure to pay proper wages, including overtime wages, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 5-310 *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Empl. §§ 3-501 *et seq.* *See* Compl., ECF No. 2. After Perez filed his complaint, Progressive removed to this Court. *See* ECF No. 1. The parties filed a series of motions for extension of time in order to conduct settlement discussions, which I approved. On March 26, 2015, the parties filed a joint status report stating that they had reached a settlement in this case. *See* ECF No. 26. On June 17, 2015, the parties jointly moved for approval of the settlement agreement (the "Settlement Agreement") that they have executed. *See* Joint Mot., ECF No. 27; Settlement Agr., ECF No. 27-3. I find the net amount Perez is to receive to be fair and reasonable in light of the facts of this case. Additionally, I find that the proposed award of attorneys' fees to Perez's

attorneys is reasonable.[1]  For these reasons, I will approve the joint settlement agreement and release.

## I.  BACKGROUND

Defendant Progressive is a Georgia corporation.  Compl. 1 & ¶ 5.[2]  Perez worked for Progressive from approximately 2011 through 2014.  *Id.* ¶ 11.  During this time, Perez claimed that he worked on average 47.5 hours per week and was never paid overtime wages.  *Id.* ¶ 14. Plaintiff claims that he "is owed approximately $7,020 in overtime wages." *Id.* ¶¶ 15 & 16. Based on these allegations, Perez filed a three-count complaint seeking damages for all unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.  *Id.* at 4–6.  Defendants, however, dispute Perez's claims.  *See* Joint Mem. 5.

On June 17, 2015, the parties filed the pending Joint Motion for Approval of Settlement. Attached to the motion is the Settlement Agreement, which provides that Perez releases Progressive from all claims excluding claims for "worker's compensation benefits, unemployment insurance or indemnification as provided by state law as well as any other claims that cannot lawfully be released."  *See* Settlement Agr. ¶¶ 1(c) & 1(e).  It does not contain a confidentiality clause restricting disclosure of the Settlement Agreement or a provision governing whether Perez is the prevailing party for purposes of attorneys' fees or costs under 29 U.S.C. § 216(b), *see id.*, but it does include claims for attorneys' fees in the specific release, *id.* ¶ 2(b).  The $2,000.00 settlement splits into (1) $1,243.09 to Perez and (2) $756.91 to Perez's

---

[1]  I have reviewed carefully the Joint Motion for Settlement Approval, Memorandum in Support, Joint Mem., ECF No. 27-1, Declaration of Plaintiff's Counsel, Decl., ECF No. 27-2, and the Settlement Agreement; as well as the Complaint, ECF No. 2.  A hearing is unnecessary because the issues are presented adequately in the filings. *See* Loc. R. 105.6.

[2]  Plaintiff's complaint includes sections both with and without paragraph numbers.  If paragraph numbers exist, I will cite to them directly; if paragraph numbers do not exist, I will cite to the page number.

lawyers in attorneys' fees and costs. *Id.* ¶¶ 2(a)–(b). The attorneys' fees were calculated as approximately 17% of Plaintiff's counsel's hourly fee multiplied by the number of hours that counsel worked on the matter. *See* Decl., Ex. A.[3]

## II.   DISCUSSION

### A. FLSA Settlement Generally

Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id.* at *3 (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.

---

[3]     Plaintiff's counsel has provided a timesheet that indicates that total of 12.1 hours of time billed. *See* Decl., Ex. A. This total of billed hours does not include 1.8 hours that are marked as "NO CHARGE." *Id.* These numbers are not consistent with the hours billed listed in Plaintiff's counsel's declaration, which indicates that Plaintiff's counsel billed 15.9 hours for case development and administration, pleadings work, motions practice, and settlement activities plus an additional 8 hours of fee petition preparation. *Id.* ¶ 6. There is no explanation for this discrepancy. Throughout this memorandum, for the purposes of evaluating the reasonableness of Plaintiff's attorneys' fees, I have used the 12.1 billed hours listed on Plaintiff's counsel's timesheet as the total number of hours billed. Plaintiff's total attorneys' fees were $4,503.00. *See id.* ¶ 7 & Ex. A.

Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," which includes findings with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). These factors are most likely to be satisfied where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect [his] rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

### B. *Bona Fide* Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo*, 2009 WL 3094955, at *16–17. The Joint Motion and Memorandum, as well as the previous filings, make clear that an FLSA issue is in *bona fide* dispute. The parties dispute "(i) whether Plaintiff has already been paid one and one half times his regular rate of pay for all hours over forty; and (ii) if any wages are owed, whether liquidated or treble damages are available." *See* Joint Mem. 4. Accordingly, *bona fide* disputes exist as to Perez's claims.

### C. Fairness & Reasonableness

In finding this settlement fair and reasonable, I should evaluate several factors, including: "'(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in

the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions

of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of

the settlement in relation to the potential recovery.'" *Saman*, 2013 WL 2949047, at *3 (quoting

*Lomascolo*, 2009 WL 3094955, at *10).

With regard to the first factor, the parties informally exchanged information. "Defendant

sent detailed correspondence and documentation to counsel for Plaintiff in order to calculate pay

and overtime." Joint Mem. 5. By avoiding formal discovery, resources that otherwise would

have been consumed by the litigation were made available for settlement, and the risk and

uncertainties for both parties were reduced.

The second, fourth, fifth, and sixth factors can be analyzed together. Perez is represented

by counsel with over fifteen years of practice. *See* Decl. ¶¶ 1 & 3. There is a significant dispute

with respect to the parties' assessment of the amount of overtime wages owed, if any. *See* Joint

Mem. 4–5. Plaintiff claims that he is owed approximately $7,020.00 in overtime wages. *Id.* at 4.

This amount is exclusive of any liquidated or treble damages. As part of informal discovery,

"Defendant produced records and documentation showing that Plaintiff was paid overtime,

explaining the manner in which that overtime was reflected on Plaintiff's paystubs, and provided

copies of such paystubs." *Id.* at 5. According to the parties, "Defendant asserts that Plaintiff was

properly paid for all hours worked and that he was paid overtime at the proper rate for all hours

worked in excess of forty." *Id.* Further, Defendant asserts that its "pay practices were adopted

and implemented in good faith," which would foreclose the possibility of Perez receiving

liquidated damages. *Id.* Based on the documents provided by Progressive, "Defendant was able

to demonstrate that Plaintiff was given appropriate hourly compensation, instead of payment 'per

load' or delivery as represented on Plaintiff's payment documents. Due to this information and

in acknowledgement of some remaining disagreement regarding compensation, both parties agreed to a settlement . . . ." *Id.* at 6. In agreeing to the settlement, "[t]he Plaintiff has taken into account the risk in proceeding, *i.e.*, that Plaintiff was properly paid for all overtime hours worked and that there is detailed documentation supporting that fact." *Id.* at 9. For these reasons, even though the amount that Perez will recover under the Settlement Agreement is only 18% of the unpaid wages asserted in his complaint (exclusive of possible liquidated or treble damages), the amount that Perez will recover is a fair and reasonable settlement.

The Settlement Agreement contains a general release of claims beyond those specified in the complaint or amended complaint. *See* Settlement Agr. ¶¶ 1(c) & 1(e). A general release like this can render the agreement unreasonable. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (concluding that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer" that "fails judicial scrutiny"); *McKeen–Chaplin v. Fanklin Am. Mortg. Co.*, No. 10-5243, 2012 WL 6629608, at *3 (N.D. Cal. Dec. 19, 2012). But, if the employee is compensated reasonably for the release executed, the settlement can be accepted, and I am not required to evaluate the reasonableness of the settlement as to the non-FLSA claims. *See Saman*, 2013 WL 2949047, at *5 (citing *Robertson v. Ther-Rx Corp.*, No. 09-1010-MHT, 2011 WL 1810193, at *2 (M.D. Ala. May 12, 2011); *Bright v. Mental Health Res. Ctr., Inc.*, No. 09-1010, 2012 WL 868804, at *2 (M.D. Fla. Mar. 14, 2012)). Further, the general release does not apply to certain claims relating to worker's compensation benefits, unemployment insurance or indemnification, and other claims that may not be waived under state law. Settlement Agr. ¶ 1(e). Perez will recover almost 18% of the wages that he alleges were unpaid. *See* Joint Mem. 6. There is no indication that he has any other claims against Progressive that would be foreclosed by this settlement agreement, and

therefore there is no indication that this general release harms him or provides an uncompensated benefit to Progressive. For these reasons and in light of the parties' agreement that Perez received "appropriate hourly compensation," *see id.*, I find that the settlement fairly compensates Plaintiff for the general release in the Settlement Agreement.

The parties do not provide expressly that Perez is not a prevailing party, but they also do not seek entry of judgment. *See* Settlement Agr. ¶ 4. Previously, I acknowledged that some courts view settlements without a stipulated judgment as *per se* unreasonable. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 410–411 (D. Md. 2014) (citing, *inter alia*, *Lynn's Food Stores*, 679 F.2d at 1353; *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012)). However, in the absence of clear binding authority to the contrary, a plaintiff "is permitted to agree that—in light of the *bona fide* disputes as to liability and the costs and risks of proceeding on the merits—accepting a lesser amount than he ultimately could receive at trial is reasonable." *Id.* Perez's settlement, like that in *Duprey*, "is better viewed as a stipulation to an amount that fairly compensates [Plaintiff] for the release, given the specific risks of the case at bar, rather than an impermissible waiver under *Brooklyn Savings*." *Id.* The amount provided in consideration for his release is fair and reasonable in light of the particular circumstances of this case, including his acknowledgement that he received "appropriate hourly compensation" for his work. *See* Joint Mem. 6.

Finally, there is no suggestion of fraud or collusion, and Perez's counsel represented him from the outset of the case. *See* Compl.; *see also Lomascolo*, 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."). Having considered these factors, I find that the settlement is fair and reasonable. *See Saman*, 2013 WL 2949047, at *3; *Lomascolo*, 2009 WL 3094955, at *10.

### D. Attorneys' Fees

Next, the Settlement Agreement's provisions regarding attorneys' fees must be assessed for reasonableness. *Saman*, 2013 WL 2949047, at *6. Perez appears to have retained his attorneys under an hourly fee arrangement. *See* Decl. ¶ 6. Three attorneys worked on this case: Mary Lombardo, Jonathan Lieberman, and Eduardo Garcia. Lombardo and Lieberman both had practiced law for approximately 16 years and charged between $395 and $420 per hour, which is consistent with this Court's guidelines as set forth in its Local Rules for attorneys with their experience. *See* Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, Loc. R. App'x B. Garcia had practiced law for approximately one year and charged between $225 and $275 per hour, which exceeds the range of $150–225 as set forth in this Court's local rules for an attorney with his experience. *See id.* However, these hourly rates do not reflect Plaintiff's counsel's agreement to "reduce their fees in light of settlement." *See* Joint Mem. 6.

Notably, under 29 U.S.C. § 216(b), "'the wronged employee should receive his full wages *plus* the [liquidated damages] penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275–76 (4th Cir. 1946) (emphasis added)); *see Robertson v. Alaska Juneau Gold Mining Co.*, 157 F.2d 876, 879 (9th Cir. 1946), *cert. granted in part, judgment modified*, 331 U.S. 793 (1947); *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947). "The court in such an action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351.

The starting point in evaluating the reasonableness of attorneys' fees in FLSA cases is the lodestar approach. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992). Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984); *see Thompson v. HUD*, No. MJG-95-309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002) (same). In Appendix B to its Local Rules, this Court has established rates that are presumptively reasonable for lodestar calculations. *See, e.g., Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000).

The attorneys' fees and costs requested in the Settlement Agreement total $756.91. Settlement Agr. ¶ 2(b). A lodestar calculation of attorneys' fees at the hourly rates listed on the attorneys' timesheet should total $4,503.00 for the 12.1 hours that Plaintiff's counsel billed on this case. *Id.* The timesheet also indicates that Plaintiff's counsel incurred an additional $90.24 in litigation costs. *Id.* The parties state the "[t]he attorneys' fees were negotiated separately from the amount to be paid directly to Plaintiff and reviewed by Plaintiff's Counsel together with Plaintiff in relation to their respective fee agreement." Joint Mem. 6. Plaintiff's counsel reduced their fees "in light of settlement." *Id.* As a result of this reduction, the proposed fee and expense amount of $756.91 represents approximately 16% of the total fee and expense amount reflected on Plaintiff's counsel's timesheet. *See* Decl., Ex. A. As a result, the hourly rate by which Plaintiff's counsel would be compensated under the Settlement Agreement is significantly lower

than the fee guidelines in this Court's Local Rules.  *See* Loc. R. App'x B.  Further, the 12.1 hours that Plaintiff's counsel spent working on this case, which included preparing the complaint, engaging in informal discovery, filing motions, and participating in settlement discussions, is reasonable.  I find that the billed rates and hours are reasonable.  Accordingly, the attorneys' fee award and reimbursement of expenses totaling $756.91 will be APPROVED.

## III.   CONCLUSION

For the reasons explained above, the net amount proposed to resolve Perez's claims provides a fair and reasonable compromise as to *bona fide* disputes of FLSA liability. Additionally, the attorneys' fees proposed to be awarded to his counsel are reasonable. Accordingly, I will grant the parties' joint motion for settlement approval.

### ORDER

Accordingly, for the reasons explained above, it is, this 8th day of December, 2015, hereby ORDERED that

1.  The Joint Motion for Approval of Settlement, ECF No. 27, IS GRANTED;

2.  The Settlement Agreement and General Release of All Claims, ECF No. 27-3, attached as Exhibit 3 to the Joint Motion for Approval of Settlement, IS APPROVED;

3.  The Plaintiff's Complaint IS DISMISSED with prejudice; and

4.  The Clerk SHALL CLOSE this case.

_____ /S/ _____
Paul W. Grimm
United States District Judge

dpb

10